**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JUSTO RICHARDS,

                                    Plaintiff,

            v.                                                    1:20-CV-1495
                                                                  (BKS/CFH)
CARL HEASTIE, et al.


                                    Defendants.

_____

**APPEARANCES:**

83-A-0053
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

#### I. Background

Plaintiff pro se Justo Richards purported to commence this action by filing a letter

to the U.S. District Court, Northern District of California dated October 9, 2020, and filed

October 15, 2020.  Dkt. No. 1. The Northern District of California sent plaintiff a notice

indicating that plaintiff failed to submit a complaint or petition with his filing, provided a

blank "complaint by a prisoner form," and directed plaintiff that "his failure to provide a

completed complaint or petition on the proper form" within 28 days will result in a

dismissal of his action.  Dkt. No. 2.  The Northern District of California also advised

plaintiff that he failed to pay the filing fee or apply to proceed in forma pauperis; this his

"civil action is deficient" and plaintiff needed to either pay the filing fee or submit a proper in forma pauperis application.  Dkt. No. 3.  The Court sent plaintiff a blank application and declaration to proceed in forma pauperis.  Dkt. No. 3.

On November 19, 2020, plaintiff's complaint, and motion to proceed in forma pauperis were filed.  Dkt. Nos. 7 ("Compl."), 8.  On December 3, 2020, the Northern District of California transferred the action to this Court.  Dkt. No. 10, 11.  Presently before this Court is review of plaintiff's application to proceed in forma pauperis and assessment of his complaint pursuant to 28 U.S.C. § 1915(e).

## II.  In Forma Pauperis

After reviewing plaintiff's in forma pauperis application, dkt. no. 8, the undersigned concludes that plaintiff financially qualifies to proceed in forma pauperis for the purposes of filing. Thus, plaintiff's application is granted for the purposes of filing only.  Dkt. No. 8.[1]

## III.  Initial Review

### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility

---

[1]  Plaintiff is advised that he will still be financially responsible for any fees or costs he may incur in association with this action.

2

to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties.").  Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

3

responsive answer, prepare an adequate defense and determine whether the doctrine

of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999)

(internal quotation marks and citations omitted). Rule 8 also requires the pleading to

include:

> (1) a short and plain statement of the grounds for the court's jurisdiction
> . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is
> entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each
> limited as far as practicable to a single set of circumstances. A later
> pleading may refer by number to a paragraph in an earlier pleading. If
> doing so would promote clarity, each claim founded on a separate
> transaction or occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to

comply with these pleading requirements "presents far too a heavy burden in terms of

defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does

not comply with the requirement that it be short and plain, the court has the power, on

its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## B.  Complaint

Plaintiff's complaint is submitted on a form complaint for civil rights violations. However, plaintiff amended the form complaint, removing the reference to 42 U.S.C. § 1983, and inserting 28 U.S.C. § 1651(a)(b).  See Compl.  Plaintiff does not provide a statement of facts associated with his complaint.  See id.  He instead states: "[s]ystemic Racism to apply, enforce and uphold NULL AND VOID Colonia-Era Common Law to indict, prosecute and maintain unlawful custody without remedy to redrss [sic] and impose sanctions." Compl at 2.  Plaintiff names as defendants Carl Heastie, New York State Assembly Speaker; Andrea Stewart-Cousins, New York State Senate Majority Leader; Letitia James, New York State Attorney General; the United States Court of Appeals for the Second Circuit ("Second Circuit"); and the U.S. Department of Justice. Id.  He provides that "[e]ach and every [sic] of these defendants acted under color and

authority of state and federal law to suppress the valid claims bill for the breach of the legislative express decrees for the unlawful acts to continue." Id.

In his statement of the claim, plaintiff writes:

New York State joined with the Majority of States in a NATIONAL CONSENSUS to ANNUL the English (British) Common Laws that denied the citizenry protections of constitutional provisions envisioned by the BILL OF RIGHTS (EXH. #1)[.] As a consequence, the N.Y.S. Legislature repeal [sic] its common law Penal Codes (EXH #2) and Code of Criminal Procedure (EXH#3). After the Highest State Court interpreted the Legislative intent of the Revised Existing Laws, the EXECUTIVE BRANCH, ENTITIES AND JUDICARY continued to apply, enforce and uphold abolished common law standards against the citizenry (EXH #4). They have breached the legislative consent degrees to unlawfully rely on the scope, sweep and range of Southern States common law formulations (EXH# 5), to mislead grand juries, obtain indictments for felony murder in absence of any underlying predicate felony offense in its support, with the intent to prosecute under diminished standards producing alleged witnesses at trial to testify of an uncharged underlying felony offense to establish guilt by a preponderance of testimony (Civil Standards of Proof), cognizant that the law in this State mandates an independent accusation, verdict and sentence for predicate felony necessary to support the theory of Felony murder. (Exh#6).

Compl. at 2, 4. The complaint continues, contending that:

Strictly limiting felony murder to homicides perpetrated in the course of a felony is unduly restrictive. Federal Courts throughout the New York State Jurisdictions have rejected laws enacted by Congress to redress illegal restrain and confinement 28 USC 2441(c)(3); 2254; 42 U.S.C. 1981, 1983, 1985 and Constitutional Mandates, U.S. Const. Art. 1 Sec. 10. Cl. 1; 10th Amendment. EXH. #7) as a result of their abrogation of Sections 1 and 5 of the 14th Amedt [sic] for passage of ex post facto laws, for the invalid standard to be delegated to the Parole Agency, wherein subjects are compelled to confess to the unfounded accusation, as a means of justifying the null and void judgments imposed in order for the privilege to be released, and the imposition of new duties, obligations, conditions, liabilities and consequences. In the mean time, all traditional remedies to redress are futile and sanctioned with hundreds of dollars in surcharges (Exh #8) to deter any and all future attacks. This is the real fraud and conflict of interest that emanates from the state judiciary into the federal courts in absence of any oversight investigations into their treatment of cases concerning common law application in states thar rejected those standards. These actions and inactions are ultra vires and have allowed

to continue, causing unjust convictions to be overturned in 2011 (e.g.
Collins v City of N.Y. 923 F. Suco [sic] 462) and most recently on July 20,
2020. (Exh#9). Allegations raised by defendant in Scholl v. Munchin,
2020 WL 6059468 DKT 67(102) Declaration of Kelly M. Dermody of Fraud
for incarcerated persons to file claim, completely disregards the Real
Fraud Committed by the Judiciary.

Id. at 4.

In the "Relief" section of the form complaint, plaintiff provides:

New York State and the Federal Judiciary have all waived immunity and
consents to be haled into Court for the Intentional Violations of the
Separation of Powers to committed systemic fraud and disenfranchise its
citizenry with malicious intent for their own unjust enrichment depriving its
subjects of life, liberty and property. By Act of Congress (28 U.S.C. 1651
et. Seq) this Court has Long Arm Jurisdiction to issue all writs that are
necessary and appropriate, agreeable to the usages and principles of law.

Id.

Appended to plaintiff's in forma pauperis application are various exhibits,

submitted without explanation or context. See Dkt. No. 8. One is a form letter, date

stamped October 14, 2020, to plaintiff from the U.S. Department of Justice, Civil Rights

Division, stating that it received his correspondence. Dkt. No. 8 at 4. Also included is a

letter, dated July 1, 1985, from an assistant district attorney ("ADA") relating to plaintiff's

appeal of his conviction wherein the ADA lays out arguments plaintiff presented, which

appear to include the "common law" felony murder argument he appears to seek to

raise here. Id. at 11. Plaintiff further includes a "Revised Order" from the United States

Court of Appeals, Second Circuit, dated May 2, 1985, affirming a July 31, 1984,

decision of the United States District Court for the Eastern District of New York,

captioned Justo Richards v. Thomas Giscome, et al. Id. at 16. Next, plaintiff includes

portions of a New York 1965 Session Law relating to a penal code revision (id. at 7); a

portion of a 1970 New York Session Law relating to the criminal procedure law (id. at 9);

7

a page from the New York State Court of Appeals case, People v. Murray, 40 N.Y.2d 327 (1976); and a two-page portion of Revised Penal Law § 130.25 (id. at 15-16). Plaintiff also submits an account statement from November 1, 2016 to November 30, 2016, and a July 2020 article from the New York Daily News relating to wrongful convictions.  Id. at 17-18.

Appended to plaintiff's complaint is a letter filed before the U.S. District Court for the Northern District of California wherein plaintiff provides, "[s]hould the court that's [sic] assigned to my request for membership in the class action decline to extend its long arm jurisdiction . . . , I would rather this case be heard by the Hon. Phyllis J. Hamilton, U.S. District Judge, as I did request membership in Scholl  v. Mnuchin.  Dkt. No. 7-1 at 1.  Also in this letter, plaintiff states that

> public officers in this state and their counterparts in the Federal Judiciary, have allowed the within unconstitutional reliance, use, application and enforcement of the repeal common law standards.  In the process of seeking redress, they have obstructed and denied each and every congressional acts and legislative enactments arbitrarily, for the sole purpose of imposing monetary sanctions, including monetary sanctions when challenges are made to the invalid parole denials that are based on the same invalid standards, including personal incomes under the SON OF SAM LAW for victims compensation (UNJUST ENRICHMENT) derived directly or indirectly from a pattern of racketeering activity (18 USC 1962).

Id.  The letter also states that the

> Justice Department has become the Department if injustice for acting in concert with this RACKET FOR YEARS, which they know violates the Constitution they all swore to uphold, as a result the RICO STATUTE MUST BE INVOKED AGAINST EACH OF THESE DEFENDANTS FOR UNJUST ENRICHMENT TO PLACE MEMBERS OF THE CITIZENRY INTO A POSITION WHERE LAWFUL LAWS ARE NOT BEING EXECUTED OR ENFORCED BY LEGISLATURES WHOM [sic] REFUSES TO UPHOLD THEIR PREDECESSORS PASSAGE (duly enacted) OF EXISTING LAWS, AS THEY ARE HAMSTRUG BY THE OTHER TWO BRANCHES that entered the agreement and consented to the revisions of 1965 and 1970.

8

Id. at 3.  The letter further provides:

> I was made a culprit to close an unsolved crime in 1981.  That pre-existing standard as and continues to be applied by trial, intermediate appellate courts, the highest State Court and entire FEDERAL JUDICARY to maintain unlawful custody of HUNDREDS MAYBE THOUSANDS OF MINORITIES for the purpose of extracting funds, in absence of any remedy to redress the deprivations of constitutional-Civil rights or the unjust imposition of surchages [sic] conizant [sic] of the contradition [sic] of the highest State Court statutory interpretation in People v. Berzups, 49 NY2d 417, 402 NE2d 221 n's 10-11 (1980) "Underling felony of felony murder statute retains its separate status" 28 USC 1331 Cal. Proc. Code 410.10(6)(5).  The decision in Scholl, Supra, has been recognized as valid in all other States and I "Consented to be a member of the class and did appear on Oct. 9, 2020 before its final determination.  N.Y. State gains financial funds by its tortious acts causing injury to persons within the State in complete absence of any remedies to obtain substantial revenues unjustly.  N.Y.C.P.L.R. 302(a)(2-3), 28 USC 1367.

Id.

## C.  Analysis

Even applying special solicitude, it is unclear what claims plaintiff is seeking to bring before this Court. See Compl.  Liberally construed, plaintiff appears to contend that New York State -- apparently through the named state legislators and the state attorney general -- and the federal judiciary are improperly applying an unspecified "common law" or "English" penal code in criminal cases, including his own criminal case, despite the fact that New York State repealed "its common law Penal Codes [] and Code of Criminal procedure." Id. at 2.  He contends further that this application of the "common law" penal code "obtain[s] indictments for felony murder in absence of any underlying predicate felony offense in its support" and allows for a diminished standard of proof – preponderance of the evidence -- to be applied. Id. at 4.  Plaintiff contends that, despite enacting laws that "[r]edress illegal restraint and confinement,"

Congress' "abrogation" of Sections 1 and 5 of the Fourteenth Amendment allows "the invalid standard to be delegated to the Parole Agency." Id.

First, Plaintiff's complaint fails to meet the pleading requirements of Rule 10. FED. R. CIV. P. 10. Plaintiff's complaint, presented in a two-page block paragraph, fails to comply with Rule 10 as plaintiff does not set forth his claims in numbered paragraphs with a "single set of circumstances" set forth in each paragraph. See Compl. "Rule 10's purpose is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading.'" Rodgers v. Pfizer, et al., 5:21-CV-175 (GLS/TWD), 2021 WL 1648518, at *2 (N.D.N.Y. Apr. 9, 2021) (internal citation omitted).

Second, plaintiff's complaint runs afoul of Rule 8's requirements that his complaint contain "a short and plain "statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "'To state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated.'" Abbas v. United States, 10-CV-0141S, 2013 WL 12424565, at *3 (W.D.N.Y. Aug. 16, 2013) (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F3d 1158, 1163 (10th Cir. 2007)). Plaintiff's complaint does not set forth any of these details. See Compl. Plaintiff does not allege specific legal causes of action against each defendant, with correlating facts. See Compl. It is entirely unclear what legal right or rights of plaintiff have been violated or how these defendants have allegedly violated those rights. See id.

Plaintiff's contentions relating to "repealed" English Common Law statutes are, at best, difficult to follow. See generally Compl. Plaintiff contends that New York State is

applying "repealed" and "annulled" "English Common Law" and that the "Highest State Court," along with "the EXECUTIVE BRANCH, ENTITIED AND JUDICIARY continued to apply, enforce and uphold the abolished common law standards" after "interpret[ing] the Legislative intent of the Revised Existing Laws." Id. at 2. Insofar as plaintiff argues that "strictly limiting felony murder to homicides perpetrated in the course of a felony is unduly restrictive," the undersigned is unable to discern what plaintiff means by this statement. Id. Plaintiff may also be arguing about the constitutionality of parole, generally. See id. at 4. Similarly, plaintiff's various citations to federal statutes and constitutional provisions – 28 U.S.C. §§ 2241(c)(3), 2254; 42 U.S.C. §§ 1981, 1983, 1985; Article 1, Section 10, Clause 1 and the Tenth Amendment of the Constitution of the United States -- also fail to set forth a clear picture of the arguments he is attempting to set forth and does not establish this Court's jurisdiction. Id. Plaintiff does not provide context for these citations to statutes and the Constitution nor does he explain, in any discernable way, how each of the named defendants violated any of his Constitutional rights. See Compl; Ziegler o/b/o/ G.S. v. Multer, 1:18-CV-880 (GLS/DJS), 2018 WL 4610666, at *2 (N.D.N.Y. Aug. 27, 2018) (citing Cipriani v. Buffardi, 9:06-CV-0889 9LEK/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citation omitted) ("A complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint."). Next, plaintiff contends that there are "hundreds of dollars in surcharges" which prevent incarcerated individuals from seeking redress, but it is not clear what surcharges plaintiff is referring to, who charged the surcharges, and what he is being prevented from seeking redress of due to the surcharges. Dkt. No. 7-1 at 3. The allegations contained within plaintiff's

complaint "fail to provide adequate notice regarding the legal claims Plaintiff seeks to assert against Defendants or the facts underlying those claims." Hamza v. Yandik, 1:19-CV-447(LEK/DJS), 2019 WL 10255336, at *2 (N.D.N.Y. June 27, 2019). Because the complaint does not meet these standards, even when special solicitude is applied, it does not give defendants fair notice of the claims. FED. R. CIV. P. 8; Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). This failure warrants dismissal of the complaint. See Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (holding dismissal to be appropriate where the complaint "does not provide an adequate description of the particular acts by the defendant which led to this suit or an explanation of how such acts were illegal.").

Plaintiff's complaint also fails to set forth the grounds for the Court's jurisdiction as required by Rule 8(a)(1). FED. R. CIV. P. 8. As noted, plaintiff purports to contend that his complaint is brought pursuant to 28 U.S.C. §1651(a), (b).

> [F]ederal courts are authorized under the All Writs Act, 28 U.S.C. § 1651, to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has held that the Act empowers district courts to issue orders or injunctions "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. N.Y. Tel. Co., 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977).

S.E.C. v. Sassano, No. 09 CIV. 5010 (LBS/GWG), 2011 WL 2161797, at *3 (S.D.N.Y. May 31, 2011), report and recommendation adopted, No. 09 CIV. 5010 (LB/ GWG), 2011 WL 2693881 (S.D.N.Y. July 11, 2011). It appears that plaintiff is seeking this Court to either issue (1) a declaration stating that the penal laws under which he was convicted are "invalid" or "invalid" in their application to plaintiff's criminal case, or (2) an injunction directing state and federal courts to refrain from interpreting the penal law in

ways that plaintiff believes violates the Constitution, a "consent decree," and New York State laws relating to felony murder.  See generally Compl.

It is well-settled law that "the All Writs Act does not confer an independent basis of jurisdiction; it merely provides a tool courts need in cases over which jurisdiction is conferred by some other source."  United States v. Tablie, 166 F.3d 505, 506-507 (2d Cir. 1999) (citing United States v. New York Tel. Co., 434 U.S. 159, 172 (1977)).  Thus, for this Court to have jurisdiction, plaintiff must demonstrate that the Court has jurisdiction conferred by "some other source."  Tablie, 166 F.3d at 507.  Plaintiff's complaint fails to set forth an independent basis for jurisdiction as he provides no other statue pursuant to which he seeks review of his claims.  See Compl.[2]  "Although pro se complaints must be read to raise the strongest arguments they suggest and are subject to less stringent standards than pleadings written by attorneys, pro se litigants must still establish subject matter jurisdiction."  Rogers v. Clinton, No. 5:19-CV-175 (LEK/ATB), 2019 WL 3469462, at *5 (N.D.N.Y. Apr. 1, 2019), report and recommendation adopted, No. 5:19-CV-175 (LEK/ATB), 2019 WL 3454099 (N.D.N.Y. July 31, 2019), appeal dismissed, No. 19-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019) (citation omitted).  Plaintiff has failed to demonstrate this Court's subject matter jurisdiction.

Next, to the extent plaintiff's complaint may be liberally read as attempting to bring this complaint pursuant to 42 U.S.C. § 1983 against the state defendants, such

---

[2]  Over many years, plaintiff has brought other actions setting forth what appear to be similar or related allegations.  In at least one other case, plaintiff used nearly identical language: "repealed" "English common law standards," "maintain the target class under unlawful custody, without any state or federal remedies to redress," defendants using "the New York State Criminal Justice System as a corrupt organized racket." See Richards v. Kahn, 6:13-CV-1421 (MAD/ATB),  (closed Nov. 14, 2013) (dismissed due to plaintiff's failure to comply with a Court order directing him to either submit a proper in forma pauperis application or comply with the Court's filing fee requirement).  Dkt. No. 7.  Plaintiff has also set forth what appear to be similar arguments in at least one state court action.  See, e.g., Richards v. Cuomo, 88 A.D. 1043, 930 N.Y.S.2d 500 (N.Y. App. Div. 2011).

claim cannot proceed for several reasons.  First, it is barred by <u>Heck v. Humphrey</u>, 512

U.S. 477 (1994).  As this Court has set forth, in <u>Heck</u>:

> the Supreme Court held that a section 1983 action, seeking damages is
> not cognizable if a decision in favor of the plaintiff would necessarily
> invalidate a criminal conviction, unless the conviction or sentence had
> been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal, or called into question by a federal habeas
> court. "But if . . . plaintiff's action, even if successful, will not demonstrate
> the invalidity of any outstanding criminal judgment against the plaintiff, the
> action should be allowed to proceed . . . ."

<u>Engels v. Ryan</u>, No. 7:13-CV-751 (ATB), 2015 WL 4946478, at *3 (N.D.N.Y. Aug. 19,

2015) (internal citations omitted).  Applying special solicitude, it seems that plaintiff is

contending that the penal code for felony murder, under which it appears he was

charged and convicted, is "invalid" because the convicting court[3] applied "common law"

or "English" law that was "repealed" by New York State, and the improper application of

this "common law" statute renders his "restraint and confinement" illegal and violates

unspecified constitutional rights.  Compl. at 4.  Notwithstanding the fact that plaintiff's

allegations are conclusory and factually devoid, were plaintiff to be successful on such a

claim, this would call into question the validity of his conviction and sentence.  Thus, any

claims relating to the validity or constitutionality of the criminal statutes under which

plaintiff was charged or the validity of his conviction itself are barred because plaintiff

has failed to demonstrate that his "conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such a determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck</u>, 512 U.S. at 486-87.  Accordingly, such

---

[3]  It also appears plaintiff is contending that other state and federal courts are improperly applying the
penal code in all criminal cases that come before them.  <u>See</u> <u>generally</u> Compl.

claims must be dismissed. See, e.g., Duamutef v. Morris, 956 F. Supp. 1112, 1115-18 (S.D.N.Y.1997) (dismissing § 1983 claims pursuant to Heck where the plaintiff failed to demonstrate that the underlying conviction had been overturned).[4]  To the extent plaintiff is seeking to challenge his conviction, the proper method is through a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[5]

Second, even if Heck were not a bar to plaintiff's claims, it is well-settled that a plaintiff cannot use section 1983 to challenge the fact or duration of his confinement.

> In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973), the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500, 93 S.Ct. at 1841 (state prisoners' claims seeking injunctive relief compelling restoration of good-time credits, thus causing their immediate release, must be brought by way of habeas corpus); see also, e.g., Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983 "); Hall v. NYS Division of Parole, No. 00-0053, 225 F.3d 645 (table), 2000 WL 1186256 at *2 (2d Cir. Aug. 21, 2000) (suit for declaratory and injunctive relief and damages, challenging constitutionality of parole guidelines dismissed; claims could only be brought as habeas petition); Jenkins v. Daubert, 179 F.3d 19, 23 (2d

---

[4]  In addition to the deficiencies discussed, plaintiff also fails to demonstrate how each defendant violated federal law or plaintiff's Constitutional rights.  From a section 1983 perspective, he has failed to plead the state defendants' personal involvement.  See Farrell v. Burke, 449 F.3d 470, 474 (2d Cir.  2006).  "[I]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright, 21 F.3d at 501; see also Flemming v. Wright, 9:06-CV-0086 (GLS/GJD), 2006 WL 1174314, at *1 (N.D.N.Y. Apr. 28, 2006) (dismissing a pro se complaint where "it does not appear that plaintiff has set forth allegations of wrongful conduct by each defendant.  Rather, plaintiff refers generically to 'the defendant' or 'the defendants' when setting forth his narrative of events.  Accordingly, it is impossible for this Court to determine what, if anything each person named in the complaint allegedly did, or failed to do . . . .").  Indeed, a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint.  See Cipriani, 2007 WL 607341, at *1.  In sum, plaintiff fails to plead in a discernable manner how the specific defendants violated his constitutional rights.

[5]  The undersigned notes that plaintiff filed two petitions for habeas corpus. See Richards v. Khulmann, No. 95-CV-0510, 1995 WL 116281 (E.D.N.Y. 1995) (dismissed); see also Richards v. Bartlett, 92-CV-2448, 1993 WL 372267 (E.D.N.Y. Aug. 31, 1993) (denied).

Cir.1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C .] § 2254(b) with its exhaustion requirement may be employed."); Jackson v. Johnson, 15 F.Supp.2d 341, 349 (S.D.N.Y.1998) (Kaplan, D.J. & Peck, M.J.) ("Preiser . . . is based on the principle that habeas corpus, not Section 1983, is the appropriate vehicle for challenging the existence or duration of confinement.").

McCrary v. Fischer, No. 9:08-CV-0366 (NAM), 2008 WL 2167991, at *2 (N.D.N.Y. May 21, 2008).

Third, in addition to the claims being barred by Heck and barred because plaintiff appears to be challenging the "very fact or duration of his physical imprisonment," plaintiff's claims against the state defendants would fail due to Eleventh Amendment immunity.  Although plaintiff claims that "New York State and the Federal Judiciary have all waived immunity and consents [sic] to be haled into court," Compl. at 4, this unsupported allegation does not suffice to demonstrate waiver or consent.  The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, absent the state's consent or waiver of its immunity, the Eleventh Amendment prohibits a suit against the state or its agencies.  See Halderman, 465 U.S. at 100. Eleventh Amendment immunity also extends to suits against state officers in their official capacities.  See Will v. Michigan Dep't of the State Police, 491 U.S. 58, 71

16

(1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."); Treistman v. McGinty, 804 F. App'x 98, 99 (2d Cir. 2020) (summary order) ("'[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.'") (quoting Pennhurst, 465 U.S. at 121).  Although, as noted, plaintiff's purported basis for this Court's jurisdiction is unclear, to the extent the complaint may be liberally interpreted as brought under section 1983, "[i]t is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Bd. of Regents, 367 F. Appx. 191, 192 (2d Cir. 2010) (summary order) (internal citations omitted).[6]

As to the named federal defendants, the Second Circuit and United States Department of Justice, section 1983 would not apply as a section 1983 claim "does not apply to the acts of the federal government or its officers."  Murray v. Dep't of Justice, 821 F. Supp. 94, 100 (E.D.N.Y.1993) (citing District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d. Cir.1991)

---

[6]  It is not clear whether plaintiff is seeking to sue the individual defendants in their individual or personal capacities, nor is it clear the type of relief plaintiff is seeking.  See generally Compl.  Plaintiff contends that he is seeking to sue defendants because they "suppress[ed] the valid claims bill for the breach of the legislative express decrees for the unlawful acts to continue."  Id. at 2.  Although he has not specified, it would appear plaintiff is attempting to sue the individual defendants in their official or personal capacities. See generally id.  It is also unclear whether plaintiff is seeking only injunctive, prospective relief or if plaintiff is also seeking monetary damages or retrospective declaratory relief.  Plaintiff's prayer for relief refers only to his contention that this Court has "long arm jurisdiction to issue all writs that are necessary and appropriate, agreeable to the usages and principles of law" and does not set forth specific requested damages.  Id. at 4.  However, 1983 does permit claims against state officers in their personal capacities for money damages or for declaratory relief when the violations alleged are ongoing.  See Gerena v. Sullivan, 9:15-CV-489 (LEK/CFH), 2016 WL 5107118, at *1 (N.D.N.Y. Sept. 20, 2016).  As noted, plaintiff's intent and requested relief are not clear, but because he cannot proceed under section 1983 both due to Heck and because he seems to challenge the very fact and/or duration of his confinement; thus, the Court need not permit amendment for clarity.

(holding that an action brought pursuant to Section 1983 "cannot lie against federal officers."). Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens"), 403 U.S. 388 (1971), also does not apply as plaintiff attempting to sue federal agencies, rather federal officials, which is not permissible under Bivens.[7] See FDIC v. Meyer, 510 U.S. 471, 486 (declining to find a Bivens claim against a federal agency); Jennings v. Ciciarelli, 9:02-CV-1405 (LEK/RFT), 2008 WL 2967530, at *1 (N.D.N.Y. July 30, 2008) ("[T]he Supreme Court has created an absolute bar to federal agency liability for the unconstitutional conduct of federal employees.") (citations omitted); see also Robinson v. U.S. Bureau of Prisons, 244 F. Supp.2d 57 (N.D.N.Y. 2003). Accordingly, to the extent plaintiff's complaint may be liberally read as attempting to bring unspecified claims against the Second Circuit and the United States Department of Justice under Bivens, such claims cannot stand for the reasons set forth herein. Accordingly, plaintiff has failed to show any basis for jurisdiction for this Court to review his claims against the Second Circuit or the United States Department of Justice.

Further, as to plaintiff's claims against the Second Circuit[8] and the United States Department of Justice, sovereign immunity would appear to bar these claims. "Simply stated, sovereign immunity means 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' This prohibition against suit extends to 'a federal agency or federal officers [acting] in their

---

[7] Bivens "authorizes suits for money damages against federal officials sued in an individual capacity under certain limited circumstances." Forjone v. Department of Motor Vehicles, 414 F. Supp. 2d 292, 301(N.D.N.Y. 2019) (citation omitted). Further, claims for injunctive relief are unavailable in a Bivens claim. See Kurzberg v. Ashcroft, 619 F.3d 176, 179 n.2 (2d Cir. 2010).

[8] Although plaintiff attempts to sue the Second Circuit, rather than individual justices, it is noticed that judicial immunity would apply to any acts members of the judiciary took in their role as judges. See Peia v. United States, 152 F.Supp.2d 226, 235 (D.Conn. 2001) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982) (finding that absolute judicial immunity "applies even when the judge is accused of acting maliciously and corruptly . . . ."))

official capacities.'"  Roberts v. I.R.S., 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006), aff'd, 297 F. App'x 63 (2d Cir. 2008) (quoting Adeleke v. United States, 355 F.3d 114, 150 (2d. Cir. 2004); see, e.g., Johnson v. Wolfe, 19-CV-7337 (GHW), 2019 WL 5784704, at *3 (S.D.N.Y. Nov. 5, 2019) (dismissing case against Second Circuit due to sovereign immunity).  Plaintiff fails to demonstrate that the federal defendants have consented to be sued.  "In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity.  The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 139 (2d Cir. 1999). "Consent to suit 'must be unequivocally expressed in statutory text, and cannot simply be implied.'"  Pietrangelo v. U.S. Dist. Court Vermont, 223 F. Appx. 20, 21 (2d Cir. 2007) (summary order) (quoting Adeleke, 355 F.3d at 150).  Accordingly, plaintiff's claims against the Second Circuit and United States Department of Justice must be dismissed.

Finally, plaintiff makes unexplained references to Scholl v. Mnuchin, a class action out of the Northern District of California.  See Compl. at 4; Dkt. No. 7-1 at 1. That case involves incarcerated and formerly incarcerated individuals who brought a putative class action seeking redress because they did not receive economic impact payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Although not clear, it appears plaintiff attempted to join, or did join, the California class action, but it is unclear how, if at all, his claims before this Court – which appear to be connected to his criminal case and New York State's criminal laws – relate to the CARES act or the California class action.  Indeed, plaintiff's complaint states that his

arguments relating to the English Common Law and penal code is the "first and only cause of action." Compl. at 2. As plaintiff fails to raise any facts or claims relating to the CARES Act within his complaint, and his complaint explicitly states that it is related to his criminal case and his claims regarding the penal code, Compl. at 2, the undersigned concludes that he does not seek to proceed on such claims in this action.

"Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart, 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991)). "Here, however, where the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile." Johnson v. Fischer, 1:19-CV-1384 (TJM/DJS), 2020 WL 758964 (N.D.N.Y. Feb. 14, 2020) (citation omitted); see Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). Plaintiff attempts to base his claims on the All Writs Act, which, as explained above, cannot serve as an independent basis for this Court's jurisdiction. The only other conceivable statute under which plaintiff's claims could be potentially reviewed would be under 42 U.S.C. § 1983 as against the state defendants; however, for the reasons set forth above, those claims are barred because (1) plaintiff appears to seek to challenge his conviction itself; (2) he has not demonstrated favorable termination of his criminal conviction pursuant to Heck, 512 U.S. 477 (1994); and (3) even if the Heck bar could be cured at a future date, plaintiff's claims may still be barred

Eleventh Amendment immunity and sovereign immunity for the reasons discussed herein.  In sum, plaintiff has not established this Court's jurisdiction and his claims, to the extent they can be liberally inferred, fail to state a claim upon which relief can be granted for the many reasons discussed above.   Thus, dismissal of the complaint with prejudice is recommended.  See 28 U.S.C. § 1915(e)(2)(b); see also Canning v. Hofmann, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

### IV.  Conclusion

Wherefore, for the reasons set forth above, it is hereby:

**ORDERED**, that plaintiff's motion for leave to proceed in forma pauperis (dkt. no. 8) is **GRANTED** for purposes of filing; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 7) be **DISMISSED**, in its entirety, **with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[9]

> Dated: May 17, 2021
> Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[9]  If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).